IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

MYRON GARCIA,

    Petitioner,

v.                                        Case No. 15-cv-377 MCA/SCY

DAVID RIVAS,
PUEBLO OF KEWA, *formerly the Pueblo of Santo Domingo*,

    Respondents.

## ORDER SETTING MOTION HEARING

THIS MATTER is before the Court on Petitioner Myron Garcia's Motion for Hearing. *Doc. 7*. On May 6, 2015 this Court ordered Respondents to file, within thirty days, an answer to Petitioner's 25 U.S.C. § 1303 Petition. *Doc. 4*. No responses have been filed. Respondent Rivas apparently did not receive the Court's May 6, 2015 order, which was returned to the Court on July 2, 2015 as undeliverable. *Doc. 6*. In contrast, the order the Court mailed to Respondent Pueblo of Kewa on May 6, 2015 has not been returned and so the Court assumes the Pueblo received it.

Petitioner is an enrolled member of the Respondent Pueblo, who received both federal and tribal sentences for the crime of being an accessory after the fact to the murder. *See* 1:09-cr-03366-WJ, *docs. 139, 176*; *Instant case*, *doc. 1* at 1-2. He alleges, via a petition for habeas corpus under Indian Civil Rights Act of 1968 ("ICRA") that the Tribe has wrongfully failed to given him proper "time-served credit" for time he spent in tribal custody prior to his federal sentencing. *Doc. 1* at 2. ICRA states that "[t]he privilege of the writ of habeas corpus shall be available to any person, in a court of the United States, to test the legality of his detention by order of an Indian Tribe." 25 U.S.C. § 1303; *Santa Clara Pueblo v. Martinez*, 436 U.S. 49, 60-61

(1978) ("Congress clearly has power to authorize civil actions against tribal officers, and has done so with respect to habeas corpus relief in § 1303.") This Court thus has jurisdiction to order the Pueblo to respond to this Petition.

The Court will hold a hearing on these matters on **August 20, 2015 at 2:00 p.m.** in the Cimarron Courtroom located at the Pete V. Domenici United States Courthouse, 333 Lomas Boulevard, N.W., Albuquerque, NM 87102. At this hearing, the Respondent Pueblo shall be prepared to show cause, if any, why the writ of habeas corpus should not issue and Petitioner be released from custody.[1]

The Clerk is directed to forward copies of the Petition and this Order to each of the named Respondents; the Clerk shall send a copy of this Order to Respondent David Rivas at the following address:

> P.O. Box 7710
> San Luis, AZ 85349

**IT IS SO ORDERED.**

*/s/ Steve Yarbrough*

---

[1] The Court is aware that Respondent Rivas never received the initial order to answer, and therefore did not have notice of the order. While the Court will still direct that Respondent Rivas be served, because Petitioner is challenging the commitment order of the tribal court, this Court may grant relief in the absence of Respondent Rivas. *See Dunn v. United States Parole Comm'n,* 818 F.2d 742, 744 (10th Cir. 1987)("Although the . . . warden cannot be said to be indifferent to the resolution of [Petitioner]'s challenge, only in the most formal sense does he control whether [Petitioner] is released . . . [s]o long as the petitioner names as respondent a person or entity with power to release him, there is no reason to avoid reaching the merits of his petition."). For the same reason, Petitioner Rivas is permitted, but not required, to attend the August 20, 2015 hearing.